UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07512-CJC (SK) | Date | September 14, 2018 |
|---|---|---|---|
| Title | Kevin McGowan v. W.L. Montgomery | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: MIXED PETITION**

Petitioner filed a federal habeas petition with two claims that challenge his 2016 conviction and sentence for attempted murder and intentional discharge of a firearm. (Pet., ECF No. 1 at 2). His first claim is that his right to a speedy trial was violated, and his second claim is that the abstract judgment incorrectly showed that he had received a firearm enhancement. (Pet. at 5). But Petitioner admits that he has not raised—that is, exhausted—his second claim in the California Supreme Court, either on direct review or in a state habeas petition. (Pet. at 2–3). He may not have done so because the California Court of Appeal already granted his request to correct the abstract judgment. (Pet. at 56–57). If that is true, Petitioner has no need to pursue the second claim here. (He also has no basis to pursue the second claim in a *federal* petition because it is a *state* law claim. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law")).

So long as both claims are joined in the same federal petition, the unexhausted second claim makes the entire petition "mixed" and thus subject to summary dismissal. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). To satisfy exhaustion, Petitioner must "fairly present" his federal claim in a complete round of direct appeals or state habeas proceedings up to and including the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc). A mixed petition cannot proceed unless either the petition is amended to strike the unexhausted claims, *see Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014), or a stay of the action is obtained by satisfying *Rhines v. Weber*, 544 U.S. 269 (2005). A *Rhines* stay is "available only in limited circumstances," 544 U.S. at 270, where the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Alternatively, if the statute of limitations under 28 U.S.C. § 2244(d) has not lapsed, a petitioner remains free to dismiss the mixed petition voluntarily without prejudice, return to state court to fully exhaust his claims, and then file a fully-exhausted petition before the expiration of the limitations period. *See Rose*, 455 U.S. at 518.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-07512-CJC (SK) | Date | September 14, 2018 |
|---|---|---|---|
| Title | Kevin McGowan v. W.L. Montgomery | | |

Therefore, Petitioner is ORDERED TO SHOW CAUSE **on or before October 15, 2018** why the Court should not dismiss the Petition for failure to exhaust state court remedies as to each claim presented. To satisfy and discharge this Order to Show Cause, Petitioner may provide evidence that he has fully exhausted his second claim or file an amended petition that deletes his unexhausted second claim. If Petitioner argues that his second claim is exhausted, he must also explain why it is not moot given the Court of Appeal's ruling and how it raises a cognizable federal habeas claim.

**If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend involuntary dismissal of the Petition for failure to prosecute or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1. An amended petition should be entitled First Amended Petition, contain only the exhausted claim, and be complete in itself without reference to the original petition.

**If Petitioner no longer wishes to pursue this action or seeks to return to state court to fully exhaust within the time allowed by the statute of limitations, he may voluntarily dismiss the action without prejudice under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV-009.